Filed 3/19/21  P. v. Sprague CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | C083696 |
| Plaintiff and Respondent, | (Super. Ct. No. 62143287 ) |
| v. | |
| PASQUALE RAYMOND SPRAGUE, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Pasquale Raymond Sprague has filed an opening brief that sets forth the facts of the case and asks this court to review the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  After reviewing the entire record, we affirm the judgment.

**FACTS AND PROCEEDINGS**

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

In September 2015, Lincoln police officers were dispatched to defendant's home because of a verbal dispute between defendant and Lara Goggia. Goggia informed Officer Massey she was there to serve defendant with a domestic violence restraining order. Defendant was also apparently attempting to serve Goggia with a domestic violence restraining order. Massey served both parties. Both restraining orders indicated the parties could not possess firearms, so Massey asked both defendant and Goggia if they had any firearms. Defendant stated he had hunting weapons in the home. Massey went into the home and he and defendant retrieved the firearms from a safe. Sergeant Alves helped bring the firearms outside. The firearms included a rifle, two shotguns, and a BB gun. Defendant had a 2008 prior conviction for felony second degree commercial burglary.

A July 2016 information charged defendant with three felony counts of possession of a firearm by a felon. (Pen. Code, § 29800, subd. (a)(1).)[1] As to each count, the information alleged the felony conviction was the 2008 felony burglary in case No. 62-068971. Defendant filed a section 17, subdivision (b) motion to reduce the 2008 conviction in case No. 62-068971 to a misdemeanor. The court granted the motion on June 13, 2016.

Defendant moved to dismiss the charges based on the felony conviction being reduced to a misdemeanor. The trial court denied the motion.

A jury found defendant guilty on all three counts. The trial court suspended imposition of sentence and granted defendant four years' formal probation, conditioned on serving 100 days in custody. The trial court ordered defendant to pay a restitution fine of $300 (§ 1202.4), imposed and suspended an identical probation revocation fine (§ 12022.44), imposed a court operations fee of $120 (§ 1465.8), a criminal assessment

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offenses.

fee (Gov. Code, § 70373), and a base fine of $200, plus penalty assessments and various county fees.

## DISCUSSION

We appointed counsel to represent defendant on appeal.  Counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.)  Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed.  More than 30 days have elapsed, and defendant has not filed a supplemental brief.  Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


<u>            /s/                    </u>
MURRAY, Acting P. J.



We concur:



<u>        /s/                  </u>
DUARTE, J.



<u>        /s/                  </u>
HOCH, J.



3